UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SUMMER TURNER,<br><br>                    Plaintiff,<br><br>     v.<br><br>STATE OF WASHINGTON et al.,<br><br>                    Defendants. | CASE NO. 2:22-cv-00389-LK<br><br>ORDER TO SHOW CAUSE |

On April 4, 2022, Magistrate Judge Brian A. Tsuchida granted Plaintiff Summer Turner's motion to proceed in forma pauperis and recommended that the complaint be reviewed under 28 U.S.C. § 1915(e)(2)(B) prior to the issuance of summons. Dkt. No. 4. If a complaint filed in forma pauperis "fails to state a claim on which relief can be granted," the Court must dismiss it. 28 U.S.C. § 1915(e)(2)(B)(ii); *see Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).

To state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must be sufficient to give the defendant fair notice of what the claim is and what grounds the claim is based upon. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This requires the plaintiff to

include in her complaint sufficient factual matter which—if accepted as true—states a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Otherwise, the complaint must be dismissed, either because it lacks a cognizable legal theory or because it states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

In reviewing Turner's complaint, the Court cannot easily determine what Turner's claims are, but construing the content of the complaint liberally, *see Chavez v. Robinson*, 817 F.3d 1162, 1167 (9th Cir. 2016), it appears that Turner seeks to allege claims against the U.S. Government, the FBI, the State of Washington, and unknown police officers or police departments for failure to investigate certain crimes or civil violations, including sexual trafficking, rape, attempted murder, and trademark and copyright violations. Dkt. No. 5 at 3–4. However, the complaint does not explain what the alleged crimes were, who committed them, when or where they occurred, or even who they were committed against. *Id.* at 3–7. Nor is there any request for relief or explanation of why Turner is entitled to relief from any of the defendants. *Id.* at 7. Therefore, the complaint fails to allege sufficient facts to place Defendants on fair notice of the nature of Turner's claims.

Accordingly, the Court ORDERS Turner to show cause why her complaint should not be dismissed for failure to state a claim. Turner may do so by filing an amended complaint within thirty (30) days of the issuance of this order. If, in the amended complaint, Turner fails to state sufficient facts to support a cognizable legal theory, the complaint will be dismissed. The Clerk is directed to send a copy of this Order to Plaintiff at her last known address.

Dated this 19th day of April, 2022.

Lauren King
United States District Judge

ORDER TO SHOW CAUSE - 2